IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

VIRGINIA ROBERSON,

    Defendant.
                                /

No. CR 09-0523 WHA

**ORDER GRANTING IN PART SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE'S MOTION TO PREVENT DISCLOSURE OF FILES AND FOR PROTECTIVE ORDER**

        Third-party San Francisco District Attorney's Office moves to quash two subpoenas served on it by defendant Virginia Roberson. The first subpoena, dated October 16, 2009, sought three San Francisco police department incident reports, a superior court case file and any court case file related to one of the incident reports. The second subpoena, dated December 11, 2009, sought all documents that referred or related to the investigation and prosecution of alleged crimes connected with the three incident reports. In particular, it sought "emails, handwritten notes, police reports, summaries of witness interviews (including witness interviews by telephone and with police officers, file notations and investigator reports. . .)."

        In this criminal prosecution, the superceding indictment against defendant Virginia Roberson alleged a count of possession with intent to distribute cocaine on May 1, 2008. Defendant was previously charged for this same transaction in San Francisco Superior Court. Defendant argues that she needs the materials subpoenaed from the DA's office in order to prove that the present federal indictment was brought in retribution against her because she

refused to provide the San Francisco Police Department with information about other criminal enterprises.

The DA's office's motion to prevent disclosure of files is **GRANTED** as to the state prosecutors' emails, handwritten notes and summaries of witness interviews. These materials are the work product of the state prosecutors prepared in anticipation of litigation against defendant and as part of the overall law enforcement strategy relating to her case. Even if defendant's allegations are correct that additional charges were brought in this action due to her refusal to cooperate, this alone would not constitute improper action by the government. To allow discovery of state prosecutors' work files in these circumstances would interfere with the relationship between local and federal prosecutorial agencies and create significant administrative burdens in federal drug prosecutions based on local state prosecutions.

The DA's office's motion is **DENIED** as to incident reports, court cases and public documents. These materials are not protected by the work-product doctrine or other privilege and their disclosure would not implicate the same policy considerations as the prosecutors' work files. The DA's office has submitted its files responsive to the subpoenas to the undersigned for *in camera* review. Based on the *in camera* review, those materials which are not privileged shall be produced to defendant pursuant to an appropriate protective order. The DA's office, defendant and the government are **ORDERED** to meet and confer and submit to the Court an appropriate proposed protective order no later than **MONDAY, JANUARY 25, 2010, AT NOON**.

**IT IS SO ORDERED.**

Dated: January 20, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE