IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>VIRGINIA ROBERSON,<br><br>    Defendant.<br>                                 / | No. CR 09-0523 WHA<br><br>**ORDER FINDING MENTONE HOTEL IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH TWO SUBPOENA DUCES TECUM** |

## INTRODUCTION

On November 18, 2009, the Mentone Hotel was ordered to show cause why it had failed to respond to the subpoena served on it by defendant Virginia Roberson on October 20, 2009. On December 10, 2009, defendant moved for an order finding the Mentone Hotel in contempt for having intentionally disobeyed and evaded both the October subpoena and an earlier subpoena served on July 14, 2009. A hearing on the order to show cause was held on December 11, 2009, and an extensive evidentiary hearing on defendant's motion for a finding of contempt was held on January 19 and 20, 2010. Based on the parties' written submissions and the aforementioned hearings, this order finds the Mentone Hotel in contempt of court for its deliberate and willful failure to obey not one but *two* subpoenas without adequate excuse.

## STATEMENT

Defendant Roberson was charged in an indictment on May 19, 2009, with one count of violating 21 U.S.C. 841 (possession with intent to distribute cocaine base in the form of crack cocaine) and one count of violating 21 U.S.C. 846 (conspiracy to possess with intent to

1  distribute and to distribute cocaine base in the form of crack cocaine). These charges were
2  based upon an alleged hand-to-hand drug transaction viewed by San Francisco police during a
3  drug sales surveillance operation near the Mentone Hotel at 387 Ellis Street in San Francisco on
4  May 9, 2009.

5      Defendant believed that the alleged incident was recorded by the Mentone Hotel's
6  security cameras. On July 14, 2009, defendant's investigator Donald Criswell personally served
7  defendant's first subpoena on the manager of the Mentone Hotel, Ike Okwuosa. The subpoena
8  sought video surveillance tapes from the Mentone Hotel's security cameras for recordings of
9  May 9, 2009. The Mentone Hotel never responded either by producing the requested materials
10 or by filing a motion to quash. Instead, it simply ignored the subpoena. Per the Mentone
11 Hotel's policy, Mr. Okwuosa should have forwarded the subpoena to counsel for the Mentone
12 Hotel, Attorney Francisco Torres. This order finds that he failed to do so.

13     On October 16, 2009, defendant issued a slightly broader subpoena to the Mentone
14 Hotel requesting archived versions of video clips saved on computer hard drives or other media
15 as well as copies of such hard drives or other media themselves. This subpoena was served on
16 Mr. Okwuosa on October 20, 2009. It had a return date of November 5, 2009. Again, the
17 Mentone Hotel never responded to the subpoena. This order finds that Mr. Okwuosa again
18 failed to forward the subpoena to Attorney Torres. Attorney Torres did not learn of the
19 subpoena until November 25, 2009, when he received a fax from Mr. Criswell with a copy of
20 the order to show cause.

**ANALYSIS**

22     Rule 45(e) provides that the failure by any person without adequate excuse to obey a
23 subpoena served upon that person may be deemed a contempt of the court from which the
24 subpoena issued. Pursuant to 18 U.S.C. 401(3), disobedience or resistance to the lawful process
25 of a court — including to a valid subpoena — may be punishable by a fine or imprisonment.
26 The Ninth Circuit has held that prior to finding a third party in contempt of court for failing to
27 produce documents in response to a subpoena duces tecum, the third party must be given an
28 opportunity to show adequate excuse for its noncompliance. *Fremont Energy Corp. v. Seattle*

*Post Intelligencer*, 688 F.2d 1285, 1287 (1982).  Here, the Mentone Hotel was afforded ample opportunity — including a hearing on an order to show cause and a lengthy evidentiary hearing — to show adequate excuse.  This order finds that it has failed to do so.

At the evidentiary hearing, the Mentone Hotel asserted that any failure to comply was due to mistake or misunderstanding.  While perhaps the failure to respond to one subpoena might be chalked up to negligence or inadvertence, this order finds that the failure of the Mentone Hotel to respond to two subpoenas — if only to state that the sought-for materials did not exist or to file a motion to quash — clearly demonstrates its deliberate and willful disobedience and intent to evade the subpoena.

Nevertheless, the failure of the Mentone Hotel to respond to the subpoenas was harmless to defendant.  This order finds that the video system used by the Mentone Hotel only retained video for two or three weeks before it was recorded over.  By the time defendant served her first subpoena on July 14 more than nine weeks had passed since May 9, the date for which her subpoena sought video.  No copies were ever made of the May 9 video recordings.  It was not even established during the evidentiary hearing that the Mentone Hotel's security cameras ever captured the alleged incident for which defendant was arrested.  Even if they did, such images may have been either inculpatory or exculpatory or neither.  In all events, any such images certainly had already been recorded over and destroyed through the normal functioning of the video system by the time defendant's first subpoena was served.

## CONCLUSION

For its deliberate and willful failure to comply with defendant's subpoenas, this order imposes a fine of $100 on the Mentone Hotel.  This amount must be paid to the Court on or before **FEBRUARY 22, 2010.**  In the absence of harm to defendant, defendant's request for a jury

3

instruction that potentially exculpatory evidence was withheld by the Mentone Hotel and destroyed is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4